**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×

ILONKA DÍAZ,

        *Plaintiff,*

    *v.*

YES DENTAL OF NY, PLLC,

       *Defendant*.

------------------------------------------------------------------------×

**17 CV 140**


**COMPLAINT**

Plaintiff Ilonka Díaz, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant Yes Dental of NY, PLLC, as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff Ilonka Díaz ("Plaintiff" or "Ms. Díaz") seeks damages and costs against Defendant Yes Dental of NY, PLLC ("Defendant" or "Yes Dental"), for discriminating against her based on her pregnancy by terminating her employment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*

2.    Plaintiff also seeks damages and costs against Defendant for unpaid wages, in violation of the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 191.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

3.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under Title VII.

4.      Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYCHRL and NYLL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

5.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

6.      All conditions precedent to maintaining this action have been fulfilled.  A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue letter dated December 21, 2016, relating to the discriminatory acts described in this Complaint.  This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## PARTIES

7.      Plaintiff, at all times relevant hereto, was and is a resident of Bronx County in the State of New York.

8.      Upon information and belief, at all times relevant hereto, Defendant was and is a professional limited liability company organized under the laws of the State of New York with offices located at 1420 Saint Nicholas Avenue, New York, New York 10033.

## STATEMENT OF FACTS

9.      In and around mid-July 2016, Ms. Díaz saw a sign outside Yes Dental's 1420 Saint Nicholas Avenue location, advertising that Yes Dental was hiring for a receptionist position.

10.     A few days later, Ms. Díaz called Yes Dental and spoke to a receptionist, known to Ms. Díaz only as "Martha," who invited Ms. Díaz to come in for an interview on Saturday, July 23, 2016, at 2:30 p.m.

2

11.     Ms. Díaz arrived at Yes Dental for the interview, where she was greeted by Martha, a Hispanic woman approximately 45 years of age.

12.     Ms. Díaz gave Martha her résumé, and Martha took her to a back office for an interview.

13.     The interview was brief, lasting approximately 10 minutes.

14.     Martha asked Ms. Díaz about her experience in the medical field, and Ms. Díaz responded that she had previously studied medical assisting in college.

15.     Martha hired Ms. Díaz on the spot and asked when she was available to start work.

16.     Ms. Díaz responded that she was available immediately, and Martha told her to arrive for her first day of work on the following Monday—July 25, 2016—at 10:00 a.m.

17.     While at Yes Dental for her interview, Ms. Díaz was also introduced to a dentist, Dr. Julia Melo.

18.     Ms. Díaz arrived at 10:00 a.m. for her first day of work on July 25, 2016.

19.     A Yes Dental employee, known only to Ms. Díaz as "Claudia," showed Ms. Díaz around the office and explained office policies as well as information related to Ms. Díaz's job duties, such as how to use the office telephones and what forms were necessary for various dental procedures.

20.     That same morning, a dentist at Yes Dental, a woman in her late 50s with grey hair and glasses, whose name is unknown to Ms. Díaz, scanned a copy of Ms. Díaz's passport for Yes Dental's records.

21.     Yes Dental scheduled Ms. Díaz for a 40-hour work week: Monday through Friday, 10:00 a.m. to 6:00 p.m.

22.     Yes Dental agreed to compensate Ms. Díaz at a rate of $9.00 per hour.

23.     Ms. Díaz's first day of work at Yes Dental went well, and she successfully completed all tasks assigned to her.

**I.     Pregnancy Discrimination**

24.     On July 25, 2016, at approximately 6:00 p.m. as Ms. Díaz was leaving work, she asked one of her supervisors, the same individual who scanned her passport, if she had time to speak with her in private about a personal matter.

25.     Ms. Díaz's supervisor said that she was available and asked Ms. Díaz to come outside with her on her cigarette break.

26.     Once outside, Ms. Díaz informed her supervisor that she was pregnant.

27.     Ms. Díaz's supervisor asked how far along Ms. Díaz was in her pregnancy.

28.     Ms. Díaz responded that she had just found out and had wanted to inform Yes Dental, as she wanted to be forthright with her new employer.

29.     The following day, July 26, 2016, Ms. Díaz arrived at work on time at 10:00 a.m.

30.     At approximately 11:30 a.m., Ms. Díaz was called to a meeting with Dr. Melo.

31.     Dr. Melo told Ms. Díaz that the individual with whom Ms. Díaz had spoken the previous day had informed Dr. Melo that Ms. Díaz was pregnant.

32.     Once Ms. Díaz confirmed that she was pregnant, Dr. Melo became hesitant, clearly displeased.

33.     Dr. Melo told Ms. Díaz, "I can't really keep you here, because you're pregnant."

34.     Ms. Díaz asked Dr. Melo to confirm that she was really terminating her employment because of her pregnancy.

35.     Dr. Melo confirmed that this was correct and stated, "I'm going to have to let you go.  We don't want to be responsible for anything that happens with the baby."

36.     Ms. Díaz pointed out that she could adequately fulfill all of her job responsibilities while pregnant and asked what Dr. Melo was worried would happen to the baby.

37.     Dr. Melo refused to elaborate and reiterated only that Yes Dental was terminating Ms. Díaz's employment.

**II.     Wage and Hour**

38.     Ms. Díaz worked a total of eight (8) hours during her employment at Yes Dental.

39.     Yes Dental never paid Ms. Díaz for her hours worked for Yes Dental.

40.     In and around August 2016, Ms. Díaz complained repeatedly to Yes Dental that she had not received any payment from Yes Dental for her work, but to no avail.

41.     To date, Yes Dental has failed to pay Ms. Díaz for her hours worked.

<u>**CAUSES OF ACTION**</u>
**FIRST CAUSE OF ACTION**
**Unlawful Termination in Violation of Title VII as Amended by the PDA**

42.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43.     Title VII, as amended by the PDA, prohibits an employer from discriminating against an employee in compensation or in terms, conditions, or privileges of employment on the basis of sex, including on the basis of pregnancy, childbirth, or related medical conditions.

44.     Defendant terminated Plaintiff's employment solely because of her pregnancy.

45.     As such, Defendant has violated Title VII as amended by the PDA.

46.     As a direct and proximate consequence of Defendant's pregnancy discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

47.     Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**SECOND CAUSE OF ACTION**
**Unlawful Termination in Violation of the NYCHRL**

48.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

49.     The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, or privileges of employment on the basis of sex, including on the basis of pregnancy, childbirth, or related medical conditions.

50.     Defendant discriminated against Plaintiff by terminating her employment solely because of her pregnancy.

51.     As a direct and proximate consequence of Defendant's gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

52.     Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**THIRD CAUSE OF ACTION**
**Failure to Pay Wages in Violation of NYLL § 191**

53.    Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

54.    At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYLL.

55.    NYLL § 191(1)(d) mandates that employers pay clerical and other workers in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

56.    NYLL § 191(3) provides that, if an employee is terminated, the employer must pay the terminated employee their wages not later than the regular pay day for the pay period during which the termination occurred.

57.    Plaintiff, as a receptionist, was a clerical worker under the NYLL.

58.    Defendant has failed to pay Plaintiff whatsoever for hours worked for Defendant.

59.    Plaintiff properly complained to Defendant about its failure to pay her wages.

60.    Defendant therefore was aware of its obligation to pay Plaintiff her wages.

61.    Defendant knowingly and willfully violated Plaintiff's rights under the NYLL by failing to pay Plaintiff for her hours worked.

62.    Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant her unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial; and

D. For such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             January 9, 2017

                              By:   _____
                                    Walker G. Harman, Jr. [WH-8044]
                                    Edgar M. Rivera [ER-1378]
                                    THE HARMAN FIRM, LLP
                                    220 Fifth Avenue, Suite 900
                                    New York, NY 10001
                                    (212) 425-2600
                                    wharman@theharmanfirm.com
                                    erivera@theharmanfirm.com

                                    *Attorneys for Plaintiff*